**2018 UT App 125**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF B.C. AND A.C.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

B.C. AND T.C.,
Appellants,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20180252-CA
Filed June 21, 2018

Fourth District Juvenile Court, American Fork Department
The Honorable Suchada P. Bazzelle
No. 1133697
No. 1133698

Ryan L. Holdaway and Diane Pitcher, Attorneys
for Appellants

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and
RYAN M. HARRIS.

PER CURIAM:

¶1     T.C. (Mother) and B.C. (Father) (collectively, Parents) appeal the juvenile court's order terminating their parental rights.

¶2     "In order to overturn a juvenile court's decision [to terminate parental rights,] the result must be against the clear

weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (quotation simplified). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *In re B.R.*, 2007 UT 82, ¶ 12. Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *In re E.R.* 2007 UT 82, ¶ 12 (quotation simplified). Finally, "when a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     Parents contend that the juvenile court erred in concluding that Mother's drug use alone was sufficient to support grounds for terminating her parental rights. Parents' argument centers on Utah Code section 78A-6-508(2)(c), which states that "habitual or excessive use of intoxicating liquors, controlled substances, or dangerous drugs that render the parent unable to care for the child" is evidence of unfitness or neglect. Utah Code Ann. § 78A-6-508(2)(c) (LexisNexis Supp. 2017). They argue that use of controlled substances is not sufficient in and of itself to support termination of parental rights but that the use of those drugs must render the parent unable to care for the child. They argue that to hold otherwise would render the part of the statute concerning the ability to care for a child meaningless. We need not resolve this issue because Parents are incorrect that the juvenile court based its decision on Mother's drug use alone. Instead, the juvenile court's decision was based upon the totality of the circumstances.

¶4     The juvenile court made findings of fact that included its agreement with prior case law "that the use of drugs is not consistent with responsible parenting as a matter of law." *See In*

*re S.Y.*, 2003 UT App 66, ¶ 20, 66 P.3d 601 (holding that methamphetamine use is inconsistent with responsible parenting). However, contrary to Parents' assertions, the juvenile court's reasoning did not end there. The juvenile court found numerous other factors that affected Mother's ability to parent the children, including A.C.'s positive drug test at birth; Mother's numerous positive drug tests; Mother's attempts to tamper with her drug test results; Mother's lack of substantial compliance with the service plan; and Mother's past history, as well as her current behavior, including her interactions with Division of Child and Family Services (DCFS) employees and the children's foster parents. Thus, a myriad of factors supported the juvenile court's decision making process. Accordingly, because Parents are incorrect that the juvenile court relied solely on Mother's drug use to support terminating Parents' parental rights, we need not address Parents' argument that the juvenile court erred in its alleged finding that drug use was alone sufficient to support grounds for terminating Mother's parental rights.

¶5 Parents next argue that the juvenile court violated Utah law by requiring Mother to sign a Division of Occupational and Professional Licensing (DOPL) release so that the State could determine what medications she was taking and if any of those medications affected her drug tests. *See* Utah Code Ann. § 58-37f-302(2) (LexisNexis 2016). However, Parents did not object to the juvenile court's order. Accordingly, Parents failed to preserve the issue for appeal, and we do not address it. *See In re S.Y.*, 2003 UT App 66,¶ 10 ("Where a party fails to bring an issue to the juvenile court's attention, that party is barred from asserting it on appeal absent a showing of exceptional circumstances or plain error." (quotation simplified).

¶6 Parents next contend that the juvenile court clearly erred in finding that Father failed to comply with the court's order by not obtaining a substance abuse evaluation. Father is correct that the juvenile court never ordered him to obtain a substance abuse evaluation. As a result, the juvenile court erred in finding that he

violated its order by failing to submit to the evaluation. However, Parents have not alleged, much less demonstrated, that they were harmed in any way by the error. "[H]armless error is an error that is sufficiently inconsequential that there is no reasonable likelihood that it affected the outcome of the proceedings. Put differently, an error is harmful only if the likelihood of a different outcome is sufficiently high that it undermines our confidence in the verdict." *State v. Evans*, 2001 UT 22, ¶ 20, 20 P.3d 888. Here, while the findings do contain the error indicated by Father, the findings of fact later go on to specify that with the exception of drug testing, all services offered to Father were voluntary. Thus, despite the error appearing in one portion of the findings of fact, it is clear that the juvenile court was keenly aware of the nature of its prior orders and their voluntary nature. Further, it does not appear that the juvenile court relied on that statement in making its ultimate conclusions of law. Under the circumstances, it is not reasonably likely that the improper inclusion of the statement that Father had violated the court's order by not obtaining a substance abuse evaluation affected the outcome of the proceedings.

¶7      Parents also assert that the juvenile court erred in making certain findings concerning Mother's interaction with a doctor and his staff. The transcript of the doctor's testimony demonstrates that Mother did have a loud, extended confrontation with the doctor's staff, and as a result of that confrontation, the doctor determined that he could not meet with Mother during business hours. Further, the doctor had sufficient concerns about his interaction with Mother that he wrote a letter to DCFS regarding Mother's behavior toward his staff. While the finding that Mother was so threatening to his staff that the doctor refused to meet with Mother during business hours as a means to protect his staff and patients may have been inartfully drafted, it is supported by the record. Mother's behavior was erratic, and the doctor was worried enough about Mother's potential behavior as to not want patients or staff around when he met with her. Thus, Mother has failed to demonstrate that the finding was clearly erroneous.

¶8    Finally, Parents argue that the juvenile court erred in admitting evidence of their criminal history over their objections based on rule 404(b) of the Utah Rules of Evidence. Rule 404(b)(1) states, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in conformity with the character." But, the "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* R. 404(b)(2). Here, the prior convictions were not admitted to demonstrate that on a particular occasion Parents "acted in conformity" with their prior bad acts. Instead, the evidence was relevant to their parental competency and their ability to provide stable and appropriate care for their children. Such criminal histories are relevant to parental termination proceedings. *See In re A.C.M.*, 2009 UT 30, ¶ 25, 221 P.3d 185 (stating that the juvenile court could consider a parent's "extensive criminal history and pervasive fraudulent behavior as grounds for termination"). The juvenile court therefore did not err in admitting evidence of Parents' criminal histories.

¶9    Affirmed.

————